UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZACHARIA CHIAIA,                    No. C 09-1142 SBA (pr)

    Plaintiff,                           **ORDER OF SERVICE**

  v.

R. METCALFE, et al.,

    Defendants.
                                    /

**INTRODUCTION**

Plaintiff Zacharia Chiaia, a prisoner at Salinas Valley State Prison (SVSP) in Soledad, filed this pro se civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: SVSP Associate Warden R. Grounds; Correctional Sergeant R. Metcalfe; SVSP Correctional Counselor II A. Williams; SVSP Correctional Captain D. M. Mantel; and SVSP Correctional Lieutenant J. Stevenson. Plaintiff seeks injunctive relief and monetary damages.

**BACKGROUND**

In his complaint, Palmer alleges that he was denied due process in connection with being held in administrative segregation (ad seg) while he was housed at SVSP.

On May 14, 2008, Plaintiff was placed in ad seg "based upon uncorroborated confidential information from a single source who was not deemed reliable on the only CDCR 1030 Confidential Information Disclosure Form ever generated in this matter, dated 5/14/08." (Compl. at 3.)

On July 22, 2008, Defendant Metcalfe issued Plaintiff a CDC-115 rule violation report (CDC-115) for threatening to stab a particular inmate "based upon uncorroborated confidential information from a single source who was not deemed reliable." (Id. at 3.1.) As a result, Plaintiff's request to be release from ad seg was denied.

On August 26, 2008, the CDC-115 was "voided (without any formal hearing on the charge) in the interest of justice because per a confidential memorandum dated August 12, 2008 there was insufficient evidence to support the charge." (Id. at 3.3.)

On September 25, 2008, after 133 days, Plaintiff was released from ad seg.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. at 564-7. Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445 at 454. The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Liberally construed, the allegations of the complaint state a § 1983 claim against Defendants for violating Plaintiff's right to due process.

## **CONCLUSION**

For the foregoing reasons,

1. Plaintiff has stated cognizable due process claims against Defendants Grounds, Metcalfe, Williams, Mantel and Stevenson. Plaintiff seeks injunctive relief and monetary damages.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to: **SVSP Associate Warden R. Grounds; Correctional Sergeant R. Metcalfe; SVSP Correctional Counselor II A. Williams; SVSP Correctional Captain D. M. Mantel; and SVSP Correctional Lieutenant J. Stevenson.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

3

a. No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.

1  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his
2  complaint.
3              c.    If Defendants wish to file a reply brief, they shall do so no later than **thirty**
4  **(30) days** after the date Plaintiff's opposition is filed.
5              d.    The motion shall be deemed submitted as of the date the reply brief is due.
6  No hearing will be held on the motion unless the Court so orders at a later date.
7       5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil
8  Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose
9  Plaintiff and any other necessary witnesses confined in prison.
10      6.    All communications by Plaintiff with the Court must be served on Defendants, or
11 Defendants' counsel once counsel has been designated, by mailing a true copy of the document to
12 Defendants or Defendants' counsel.
13      7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
14 informed of any change of address and must comply with the Court's orders in a timely fashion.
15      8.    Extensions of time are not favored, though reasonable extensions will be granted.
16 Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the
17 deadline sought to be extended.
18      IT IS SO ORDERED.
19
20 DATED: 11/9/10                    _____
                                     SAUNDRA BROWN ARMSTRONG
                                     United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ZACHARIA CHIAIA,

        Plaintiff,

  v.

R. METCALFE et al,

        Defendant.
                                     /

Case Number: CV09-01142 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Zachariah Chiaia CDC J-39143
Salinas Valley State Prison
P.O. Box 705
Soledad, CA 93960-0705

Dated: November 10, 2010

                                          Richard W. Wieking, Clerk
                                          By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Chiaia1142.service.wpd 6