**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIA H. CHIAIA, | No. C 09-1142 SBA (pr) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| R. METCALFE, et al., | (Docket No. 24) |
| Defendants. | |

Plaintiff, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 alleging that Defendants violated his constitutional rights. Before the Court is Defendants' Motion for Summary Judgment (docket no. 24). For the reasons discussed below, the Court hereby GRANTS the Motion for Summary Judgment.

## DISCUSSION

### I.  Procedural Background

The Court screened Plaintiff's complaint on November 10, 2010 (docket no. 6). In the order, the Court concluded that Plaintiff's claim that he was placed in administrative segregation in violation of his due process rights was sufficient to proceed. Service was ordered upon defendants Grounds, Metcalfe, Williams, Mantel, and Stevenson (hereafter "Defendants").

Defendants have moved for summary judgment (docket no. 24). Plaintiff has opposed the motion (docket no. 28), and Defendants have replied (docket no. 30).

### II.  Motion for Summary Judgment

#### A.  Summary Judgment Standard

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute.

1 Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

**B.     Analysis**

Plaintiff claims that he was placed in administrative segregation in violation of his due process rights.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property." Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972). In the prison context, deprivations that are authorized by state law – as here – may amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995).[1]

---

[1] Before Sandin, a state statute or regulation created a procedurally protected liberty interest if it placed substantive limitations on official discretion. See, e.g., Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Sandin held that a protected liberty interest in the prison context also must be one of "real substance." See Sandin, 515

(left margin: United States District Court / For the Northern District of California)

The Court will presume for purposes of this order that state regulations regarding administrative segregation are sufficient to meet the first of these two Sandin prongs. Cf. Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1986), overruled in part on other grounds, Sandin, 515 U.S. 472 (California statutes and prison regulations create a liberty interest in freedom from administrative segregation).

As to the second prong, a liberty interest is of "real substance" when it involves freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487. Plaintiff does not argue that his placement affected the length of his sentence, so the only question is whether conditions in administrative segregation were "atypical" relative to the incidents of ordinary prison life.

Defendants contend that conditions in administrative segregation were not "atypical." Resp't P & A. at 5-6. The burden thus shifts to Plaintiff to produce evidence from which a jury could find that conditions were atypical, and thus that he had a liberty interest in not being placed in administrative segregation. See Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment). However, Plaintiff fails to provide any evidence that would establish the difference in conditions between general population and administrative segregation. Defendants therefore are entitled to summary judgment on this ground as a matter of law. See Celotex, 477 U.S. at 323; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim after Sandin).

Alternatively, the Court will presume the existence of a liberty interest and consider whether the process that was afforded Plaintiff was sufficient. Once a protected interest is established, the court must determine what process is due before the interest may be taken away. Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976). When the liberty interest is one of freedom from administrative segregation, as here, the process required is minimal: notice of charges and an

---

U.S. at 477-87 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)).

3

informal, nonadversarial opportunity to be heard.  Hewitt v. Helms, 459 U.S. 460, 473-76 (1983), overruled in part on other grounds, Sandin, 515 U.S. 472, 480-83 (involving transfer to administrative segregation); Toussaint, 801 F.2d at 1100 (requiring informal nonadversary hearing within a reasonable time after the prisoner is segregated, that the prisoner be informed of charges against him or reasons segregation is being considered, and that the prisoner be allowed to present his views).

Here it is undisputed that Plaintiff received notice of the charges against him, see Decl. Metcalfe at Ex. A (Administrative Segregation Unit Placement Notice), and that the charges against him were "thoroughly" discussed with him at two Institutional Classification Committee meetings, one eight days after segregation and the other eighty-five days after segregation, see id. at Ex. C, D. Thus, there is evidence that he received notice and an opportunity to be heard.  Plaintiff does not provide any evidence to the contrary, but instead argues that the segregation was unwarranted because the disciplinary charges against him (i.e., for plotting to attack another inmate) were dropped for lack of evidence.  That a prisoner may have been placed incorrectly in administrative segregation does not raise a due process issue, however; the Constitution demands due process, not error-free decision-making.  Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994).  Summary judgment will be granted on this alternative ground.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (document number 24) is GRANTED.  The clerk shall close the file.

IT IS SO ORDERED.

DATED: 3/29/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ZACHARIA CHIAIA,

        Plaintiff,

v.

R. METCALFE et al,

        Defendant.

Case Number: CV09-01142 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 30, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Zachariah Chiaia CDC J-39143
Salinas Valley State Prison
P.O. Box 705
Soledad, CA 93960-0705

Dated: March 30, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Chiaia1142.msj-gaw.wpd